```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         COOKEVILLE DIVISION
```

EDDIE JUDKINS,                  )
                                )
       Plaintiff               )
                                )           No. 2:14-0058
v.                              )           Judge Sharp/Brown
                                )           **Jury Demand**
JOHNNY BATES, M.D. and          )
WHITE COUNTY, TENNESSEE,        )
                                )
       Defendants              )

**TO: THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Presently pending are two motions for summary judgment in this matter (Docket Entries 66 and 71). Both are supported by memorandums of law (Docket Entries 67 and 72) and statements of undisputed facts (Docket Entries 68 and 73). Despite a show cause order directing the Plaintiff to respond, he failed to respond to either of these motions or to show cause why the Magistrate Judge should not recommend dismissing his case for failure to respond to the motions and to keep a current address on file with the Court (Docket Entry 82).

For the reasons stated below, the Magistrate Judge recommends that both motions for summary judgment be granted and this action be dismissed with prejudice. The Magistrate Judge further recommends that any appeal not be certified as taken in good faith.

### BACKGROUND

The Plaintiff originally filed a complaint *in forma pauperis* in the Eastern District of Tennessee on May 27, 2014 (Docket Entry 2). The Plaintiff signed a verification and certificate of service on his complaint dated May 14, 2014.[1]

The Plaintiff alleges that he was a pretrial detainee of the county and quartered at the White County Jail in Sparta, Tennessee, during the time in question. At the time of his incarceration Dr. Johnny Bates was contracted by White County to provide medical services to the prisoners of the jail.

The Plaintiff alleges that in October 2012 he suffered a serious fall from a diabetic blackout and seriously injured himself. He alleges that it was three days before he was seen by a physician and that at that time his knee was swollen to twice its normal size. He alleged that he was returned from an outside hospital after taking x-rays and he was left without attention for two days. He contends that he repeatedly complained in October and November about his lack of medical treatment. He alleges that later in November he was transported to the Cookeville Regional Medical Center for an MRI that showed torn ligaments and extensive damage to his knee. He alleges that he suffered excruciating pain in his knee for at least 30 days before he was sent to an orthopaedic specialist. The specialist recommended immediate surgery on the Plaintiff's knee.

---

[1] The Magistrate Judge will use the 14th day as the earliest date the Plaintiff's complaint could have been considered file using the mailbox rule.

Plaintiff was transferred from the White County Jail to the Tennessee Department of Corrections on July 23, 2013.

The case was subsequently transferred to the Middle District of Tennessee (Docket Entry 3), and after an initial review here, service of process was directed (Docket Entry 5). Following answers by the two Defendants a scheduling order was entered (Docket Entry 34) and the case proceeded toward discovery and dispositive motions. In the scheduling order the Plaintiff was specifically cautioned that he must always keep a current address on file with the Court and that failure to attend hearings or participate promptly in the process of the case could result in a recommendation that his case be dismissed for failure to prosecute.

Following discovery, dispositive motions for summary judgment were filed by both White County (Docket Entry 66) and Dr. Bates (Docket Entry 71). In support of the motions, the Plaintiff's medical records were filed under seal (Docket Entry 76).

Shortly after these motions were filed mail addressed to the Plaintiff was returned as undeliverable (Docket Entry 79). In returning the mail a new address of Smithville, Tennessee was listed on the returned envelope. The Clerk then updated the Plaintiff's address and the Magistrate Judge issued a show cause order directing the Plaintiff to show cause within 14 days why his case should not be dismissed for failure to respond to the motions for summary judgment and to keep a current address on file with the Court. The Plaintiff was advised that if he did not receive copies of the motions for summary judgment he could seek copies from the Clerk or

review them online. It appears that the certified copy of the show cause order was delivered to the Smithville address, although there is not an actual signature on the green card (Docket Entry 84).

Turning to the motions for summary judgment themselves, both memorandums in support of them are well-written and the Magistrate Judge has reviewed their content, case citations, the medical records, through the records provided, through the affidavit of Sheriff Shoupe and the affidavit of LPN Grizzle (Docket Entries 61 and 65).

In Nurse Grizzle's affidavit (Docket Entry 65, par. 18) she specifically states that she received a letter from the orthopaedic physician in the matter stating that Dr. Hollman thought it best if the Plaintiff waited until he was out of jail before receiving surgery. She specifically states that on or about March 8, 2013, she advised the Plaintiff of this decision. The medical records (Docket Entry 64-8) contain a letter from Dr. Hollman's office specifically stating that Dr. Hollman explained to the Plaintiff that it would probably be best to wait until the Plaintiff was out of jail before attempting surgery on his knee.

Both statements of uncontested facts (Docket Entry 67, 44-47; Docket Entry 73, par. 16, 17) required the Plaintiff to either admit or deny whether he was told on or about March 8, 2013, that no surgery would be done on his knee. The Plaintiff failed to respond to any of the statements. They are taken as admitted under Local Rule 56.01(g).

4

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the

evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**LEGAL DISCUSSION**

The Magistrate Judge believes that both Defendants are correct in asserting the affirmative defense of statutes of limitations. As pointed out in their briefs there is a one-year statute of limitations on claims of this nature. It appears without doubt that on March 8, 2013, the Plaintiff was clearly told that surgery would not be performed on his knee. This information put the Plaintiff on notice of any cause of action about the lack of the medical treatment by the Defendants.

Likewise, it appears that the earliest his complaint could be considered filed is May 14, 2014, when he signed it at the Tennessee Department of Corrections prison. The Plaintiff is therefore way outside the one-year statute of limitations and the Defendants are correct that they are entitled to dismissal of this action on that ground. *Wilson v. Garcia*, 471 U.S. 261 (1985) T.C.A. § 28-3-104(a)(1).

While the Defendants raised other grounds for dismissal that might well justify a dismissal of the Plaintiff's case, based on the medical records, the Magistrate Judge need not consider them in view of the failure of the Plaintiff to file his complaint within the appropriate statute of limitations.

In view of the recommendation that the motions for summary judgment be granted, the Magistrate Judge will not address the

Plaintiff's failure to keep a current address on file and to obey Court orders. Had the Magistrate Judge felt the need to reach that issue he would have recommended dismissal without prejudice under *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999) and the four standards set forth in that case.

### RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the motions for summary judgment (Docket Entries 66 and 71) be granted and this case be dismissed with prejudice and that any appeal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 6th day of November, 2015.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge